Appeal by an employer and its carrier from a decision and award of the Workmen’s Compensation Board which found certain claimants to be dependents of a deceased employee. Decedent sustained accidental injuries arising out of and in the course of his employment which resulted in his death. Claims for death benefits were filed by an alleged widow, Patria Calvo Cintron, and her child Jose Raymon Cintron. It was found that the alleged widow was not the legal widow of the decedent, but it was also found that the child Jose Raymon Cintron was a dependent illegitimate child of the decedent, and death benefits were accordingly awarded to him. Appellants do not object to this award and apparently have made payments in accordance with the terms thereof. Some time later a claim was filed by one Inocenzia Ramos who purported to be the dependent mother of the decedent, and also decedent’s father, one Sandalio Cintron. Both the father and mother resided in Puerto Rico. Although the record was not developed on the dependency of the father nevertheless the board found that both the father and mother were dependents and made awards accordingly. Subsequently the carrier asked for another hearing and a further development of the record to show the living expenses of the decedent and the woman with whom he was living with their illegitimate child. The hoard refused to grant this request. We think the award should be reversed and the matter remitted to the board for further consideration. The only dependable evidence in the record as to decedent’s weekly earnings is that his average wages amounted to $38.40 a week. There is some scattered hearsay testimony, wholly undeveloped, that he earned extra money as a barber. The referee’s decision however as to the dependency of the mother was based entirely on an average weekly wage of $38.40. The testimony of the mother that decedent used to send her from $90 to $100 a month is incredible. The award to the father and mother is a very substantial one and should have substantial evidence to support it. Award reversed and the matter remitted to the Workmen’s Compensation Board, without costs.
Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ., concur.